UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL GAINES and WANDA GAINES,<br>Plaintiffs,<br>v.<br>FCA US, LLC,<br>Defendant. | No. 2:24-cv-03522-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES** |

This matter is before the Court on Plaintiffs Bill and Wanda Gaines' motion for attorneys' fees, expenses, and costs. ECF No. 20 ("Mot."). After the parties reached a settlement, Plaintiffs filed the instant motion requesting an award of $37,365.68, consisting of fees for the work of 10 attorneys and 4 law clerks, a 1.35 multiplier enhancement, reimbursement for costs and expenses, as well as anticipatory attorneys' fees for the cost of reviewing any opposition to their motion, drafting a reply, and attending a hearing on the motion. Id. Defendant FCA US LLC opposes the motion, arguing an award for fees should be limited to $7,300, and Plaintiffs' request for costs and expenses should be denied because it includes unauthorized expenses and is not

substantiated by any memorandum of costs or other proof. ECF No. 24 ("Opp'n"). Plaintiffs did not file a reply to Defendant's Opposition. For the reasons detailed below, the Court orders an award of $7,300 in attorneys' fees and denies Plaintiffs' motion for other costs and expenses.[1]

"A federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case," which is applicable here. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir. 1992) (citing Shakey's Inc. v. Covalt, 704 F.2d 426, 435 (9th Cir. 1983)). The Song-Beverly Act authorizes an award of attorney's fees, costs, and expenses "determined by the court to have been reasonably incurred . . . ," to a prevailing plaintiff. Cal. Civ. Code § 1794(d). It is undisputed Plaintiffs are the prevailing party here. Mot. at 10-11; Opp'n at 5-8.

The prevailing plaintiff "ha[s] the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" Levy v. Toyota Motor Sales, U.S.A., Inc., 4 Cal.App.4th 807, 816 (2d Dist. Ct. of App. 1992) (quoting Cal. Civ. Code § 1794(d)); see also Hanna v. Mercedes-Benz USA, LLC, 36 Cal.App.5th 493 (2d Dist. Ct. of App. 2019). Using the lodestar method, the Court must "make an initial determination of the actual time expended; and then [] ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These

[1] This motion was determined to be suitable for decision without oral argument. See ECF No. 27; E.D. Cal. L.R. 230(g).

circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." Morris v. Hyundai Motor America, 41 Cal.App.5th 24, 34 (2d Dist. Ct. of App. 2019) (quoting Hanna, 36 Cal.App.5th at 507) (other citations and internal quotations omitted). "[T]his [also] includes the determination of the hourly rate that will be used in the lodestar," whereby "the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees [], the difficulty or complexity of the litigation to which that skill was applied [], and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases." 569 East County Boulevard LLC v. Backcountry Against the Dump, Inc., 6 Cal.App.5th 426, 436-37 (4th Dist. Ct. of App. 2016) (citations omitted); see also Morris, 41 Cal.App.5th at 41 (quoting 569 East). Moreover:

> "A trial court may not rubber stamp a request for attorney fees, but must determine the number of hours reasonably expended." (Donahue v. Donahue (2010) 182 Cal.App.4th 259, 271 [] italics omitted.) In evaluating whether the attorney fee request is reasonable, the trial court should consider "'whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended.'" (Ibid.) "Reasonable compensation does not include compensation for 'padding' in the form of inefficient or duplicative efforts. . . .' [Citations.] 'A reduced award might be fully justified by a general observation that an attorney overlitigated a case or submitted a padded bill or that the opposing party has stated valid objections.'" (Ibid.; see Ketchum v. Moses

> (2001) 24 Cal.4th 1122, 1132 [] ["trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation"].) "'[J]ust as there can be too many cooks in the kitchen, there can be too many lawyers on a case.'" (Donahue, at p. 272 [] [finding that "simultaneous representation by multiple law firms posed substantial risks of task padding, over-conferencing, attorney stacking (multiple attendance by attorneys at the same court functions), and excessive research"].)

Morris, 41 Cal.App.5th at 38.

Defendant argues Plaintiffs' attorney's hourly rates are unreasonable, exemplified by their request for "unsupported rates ranging from $195 to $345 per hour [] for unlicensed law clerks . . . ." Opp'n at 12 (emphasis removed). This Court recently collected cases and provided a detailed analysis of reasonable hourly fees in the Eastern District of California. See White v. Sacramento Police Department, No. 21-cv-2211, 2026 WL 82407 (Jan. 12, 2026). Defendant's proposed hourly rates, ranging from $50-$450 (as reflected in Exhibit 1 to Defendant's Opposition), are consistent with other fee awards in this district, and this Court's recent White opinion. See ECF 24-4; White, 2026 WL 82407 at *4 (Jan. 12, 2026). Plaintiffs did not dispute or respond to Defendant's proposed, reduced rates for Plaintiffs' attorneys and law clerks' hourly fees. Accordingly, the Court adopts the proposed hourly rates reflected in Exhibit 1 (ECF No. 24-4) for Plaintiffs' counsel and law clerks. Accord 569 East County, 6 Cal.App.5th at 436-37; see also Morris, 41 Cal.App.5th at 41.

Defendant also argues the billing records include unreasonable hours, especially because "[t]he procedural history of this case is thin . . . [o]nly one deposition was taken . . . and the case settled well before trial," there is double billing

for simple tasks, the case was staffed with 14 different timekeepers, and there are vague and block billing entries that should be excluded. Opp'n at 5-17. Defendant submitted an itemized spreadsheet "set[ting] forth specific objections [and] requested reductions . . . ," to the billing records submitted by Plaintiffs' counsel, resulting in a total award of $7,300. See ECF 24-3, 24-4. Defendant also argues Plaintiffs' request for a multiplier should be denied, as should Plaintiffs' request for fees that have not yet been incurred for work related to a hearing and reply brief. Opp'n at 17-18.

Starting with Plaintiffs' fee request for "$3,500 in anticipated fees for reviewing Defendant's opposition, preparing a reply brief, and attending a hearing on this [m]otion," the Court agrees with Defendant that Plaintiffs' request should be denied because the fee statute only authorizes an award for "actual time expended . . . ." Opp'n at 17; Cal. Civ. Code § 1794(d). Moreover, Plaintiffs' attorneys never filed a reply brief, nor was a hearing held on the pending motion. Similarly, Plaintiffs' request for a fee multiplier is denied. "The purpose of [a multiplier] adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." Ketchum v. Moses, 24 Cal.4th 1122, 1132 (2001). Plaintiffs bear the burden of proving a multiplier is warranted, and as argued by Defendant, there is nothing in the record demonstrating this case presented novel or

difficult questions, precluded Plaintiffs' counsel from working on other cases, or the skill of Plaintiffs' counsel warranted an increase in fees. See id. at 1132, 1138.

Turning to the remainder of Plaintiffs' fee request, Plaintiffs claim in their motion they engaged in trial preparation, yet their declaration claims the only work done in this matter outside of initiating litigation was essentially basic discovery and settlement negotiations. Cf. Mot. at 15; ECF 20-1. Plaintiffs also claim, in an attorney declaration included with their motion, that the number of attorneys is not relevant to a fee determination, despite it being well-established that part of the Court's inquiry into the reasonableness of Plaintiffs' fees is "whether the case was overstaffed." See Morris, 41 Cal.App.5th at 38. The Court finds Defendant's targeted objections and proposed reductions, outlined in Exhibit 1 (ECF No. 24-4), are well-founded since a number of Plaintiffs' counsel's requested fees are duplicative, vague, cumulative, and include work that should not reasonably be done post-settlement, as well as block billing and administrative tasks. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (finding "hours that were not 'reasonably expended,'" which include overstaffing, and "hours that are excessive, redundant, or otherwise unnecessary . . . ." must be excluded by a court, and noting the same ethical obligations apply as in private practice to exclude these hours from a client's bill); Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them."); Gonzalez v. City of Maywood, 729 F.3d 1196,

1203 (9th Cir. 2013) (eliminating block billing from requested fees and citing other precedent affirming elimination of block billing). Moreover, since Plaintiffs did not file a reply, these arguments and objections remain unopposed. Accordingly, the Court finds Defendant's proposed reductions are appropriate and applies them here, resulting in a total of $7,300 in attorneys' fees for Plaintiffs' counsel. See ECF No. 24-4; Morris, 41 Cal.App.5th at 39 ("Plainly, it is appropriate for a trial court to reduce a fee award based on its reasonable determination that a routine, noncomplex case was overstaffed to a degree that significant inefficiencies and inflated fees resulted.").

Lastly, Plaintiffs request an award of $4,637.50 in costs and expenses. Defendant opposes this, noting "Plaintiff[s] failed to submit a memorandum of costs and failed to provide the proofs or receipts of the expenses claimed in this matter. FCA contends that this falls well short of Plaintiff[s'] burden and the Court should decline to award any amounts for unsupported expenses." ECF No. 24-3, ¶5. Plaintiffs did not respond to these arguments, nor were there any receipts or other proof submitted to the Court in support of Plaintiffs' request for costs and expenses. "'If the items on a verified cost bill appear proper charges, they are prima facie evidence that the costs, expenses and services therein listed were necessarily incurred. [] Where the items are properly objected to, they are put in issue, and the burden of proof is upon the party claiming them as costs. []'" Levy v. Toyota Motor Sales, U.S.A., Inc., 4 Cal.App.4th 807, 817 (2d Dist. Ct. of App. 1992) (quoting Rappenecker v. Sea-Land Service, Inc., 93 Cal.App.3d 256, 266 (1st Dist. Ct. of App.

1979)) (internal citations omitted). Plaintiffs have not met their burden of proof and their request for costs and expenses is denied.

Given the Court's ruling, Defendant's evidentiary objections (ECF No. 24-1) are overruled, and Plaintiffs' request for judicial notice (ECF No. 20-2), primarily consisting of cases available on Westlaw, is denied. See Fed. R. Evid. 201.

**ORDER**

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses, as follows:

1. Plaintiffs' attorneys are awarded $7,300 in attorneys' fees; and

2. Plaintiffs' request for costs and expenses is denied.

IT IS SO ORDERED.

Dated: August 18, 2006

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE